Filed 2/28/25  P. v. Fields CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>  v.<br><br>KEVIN ELLIOTT FIELDS,<br><br>      Defendant and Appellant. | C100699<br><br>(Super. Ct. Nos. STKCRFE19990007475 & SF077816B) |

Defendant Kevin Elliott Fields appeals from a postconviction order recalling his sentence and resentencing him pursuant to Penal Code section 1172.75 (undesignated statutory references are to the Penal Code).  Defendant contends the trial court violated his federal and state constitutional rights by holding a resentencing hearing in his absence.  The People concede error but argue it was harmless.  We find that the People have not proven the error harmless beyond a reasonable doubt:  nothing in the record shows that defense counsel conferred with defendant about the hearing; defendant did not waive his right to be present (defendant was not transported simply due to staffing

1

shortages); defendant could have explained the circumstances of the priors and how he had changed, he could have expressed remorse, and he may have made a plea for leniency; and as the People conceded in the trial court, mitigating factors applied. We therefore vacate the sentence and remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

In October 1999, defendant and his codefendant went to an apartment and demanded money and a gun from the victim. The victim refused, and defendant hit him in the head with a pot and stabbed him twice.

In February 2000, a jury found defendant guilty of residential burglary (§ 459; count 2) and assault with a deadly weapon (§ 245, subd. (a)(1); count 3). The jury further found that defendant was armed with a deadly weapon (§ 12022, subd. (b)(1)) and inflicted great bodily injury (§ 12022.7, subd. (a)). Defendant waived jury trial on his prior convictions and prior prison terms. The trial court determined that defendant suffered two prior strike convictions (§ 1170.12, subd. (b)), a prior serious felony conviction (§ 667, subd. (a)), and served five prior prison terms (§ 667.5, subd. (b)). The trial court sentenced defendant to prison for 38 years to life composed of 25 years to life on count 3, 25 years to life on count 2 (initially stayed under section 654, then reversed on appeal and stricken), four years total for the weapon and great bodily injury enhancements, four years total for the prior prison terms, and five years for the prior serious felony conviction. (*People v. Fields* (Nov. 5, 2002, C040984) [nonpub. opn.].)

In 2009, defendant was convicted of two counts of battery on a correctional officer (§ 4501.5; counts 1 & 2), resulting in a consecutive indeterminate sentence.

In December 2022, the trial court issued an order pursuant to section 1172.75 that its review of the records indicated that defendant's judgment included enhancements under section 667.5, subdivision (b) and appointed counsel for defendant.

In October 2023, defense counsel filed a brief in support of recall and resentencing under section 1172.75. Counsel requested deletion of all prior prison term enhancements

2

and also asked the court to dismiss the five-year serious felony enhancement and one of his prior strike convictions.  Defense counsel acknowledged defendant's disciplinary rule violations while incarcerated — including an incident in April 2018 involving a peace officer where defendant was found guilty of attempted murder, assault, and battery — but also noted that numerous violations involved failure to respond to notices that "were not deemed serious and resulted in 'counseling only.' "  Counsel also identified three educational and work opportunities defendant pursued while incarcerated.  As factors relevant under section 1172.75 to reducing the risk of future violence, counsel pointed out that defendant was 58 years old and had served more than 24 years.  Lastly, defense counsel cited three mitigating factors under subdivision (c) of section 1385 as a basis to strike the prior serious felony enhancement and prior strikes, i.e., multiple enhancements alleged in a single case, application of an enhancement resulting in a sentence over 20 years, and an enhancement based on a conviction that was over five years old.  (§ 1385, subd. (c)(2)(B), (C), (H).)  (However, this court has held that a prior strike under the Three Strikes law is not an "enhancement" potentially subject to dismissal based on the mitigating factors enumerated in section 1385, subdivision (c).  [See *People v. Burke* (2023) 89 Cal.App.5th 237, 243-244].)

In November 2023, defense counsel filed a declaration stating that defendant wished to be personally present at the resentencing hearing.

The People filed a written opposition to resentencing defendant under section 1172.75.  The People contended that the trial court should strike only the prison prior enhancements and that to strike any other enhancement would endanger public safety. The People conceded the applicability of section 1385, subdivision (c) mitigating factors that multiple enhancements were alleged and the application of an enhancement could result in a sentence over 20 years.  However, the People asserted that over a few years defendant had committed several strike offenses and served multiple prison terms, and defendant's disciplinary record showed "a sustained pattern of noncompliance and

violence." The People noted that defendant continued to "engage in assaultive behavior," "exert violence against other inmates," and the programming he participated in while incarcerated did not target violence or criminal thinking and had not changed his behavior. The People maintained that dismissing his five-year serious felony enhancement or prior strikes would present an immediate danger to public safety, because dismissal of either would result in defendant's release.

In January 2024, the trial court ordered defendant transported from the California Department of Corrections and Rehabilitation (CDCR) facility in Vacaville to the court in Stockton for a February 2024 resentencing hearing.

In February 2024, the trial court conducted the resentencing hearing. At the outset, defense counsel informed the court that defendant remained in custody. The clerk informed the court that defendant was to be transported to attend the hearing but there was not enough staffing to do so. The trial court asked defense counsel: "So do you want to put it over for [defendant] to be here?" Defense counsel replied: "I would be prepared to submit on the papers." The People also declined to present any further argument.

The trial court then ruled. The court stated it had reviewed "the entire file" and defendant's record of discipline while incarcerated. The court noted that defendant's disciplinary history included "in 2018, assault on a peace officer, times two, and attempted murder," in 2020, "conspiracy to commit battery on a prisoner," and in 2022, "alcohol was an issue" [referring to a rule violation involving fermentation or distillation of materials to make alcohol]. The trial court continued that defendant "also had a previous battery causing serious bodily injury in February of 2018 and some other minor infractions. But it's that conduct in April of 2018 that's very concerning to the Court." The trial court concluded that defendant was not a good candidate for resentencing beyond striking the prison prior enhancements under section 1172.75. Based on the facts of the current case and defendant's record in prison, the court found defendant's "early

4

release would be a danger to public safety"; specifically, that "there's a likelihood that dismissal of the enhancements, the [section] 667(a) enhancements, would result in physical injury or other serious danger to others . . . ."

The trial court struck four one-year sentences for prior prison terms reducing defendant's determinate sentence from 38 years to 34 years.

Defendant filed a timely appeal.

DISCUSSION

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380.) In 2021, the Legislature enacted former section 1171.1 to generally invalidate sentence enhancements imposed for prior prison terms under section 667.5, subdivision (b), unless the prior term was for a sexually violent offense. (Stats. 2021, ch. 728, § 3.) Section 1171.1 was renumbered 1172.75 without substantive change. (Stats. 2022, ch. 58, § 12.) The statute requires CDCR to identify individuals serving terms that include no-longer-valid enhancements and provide certain information about those individuals to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) Upon receiving that information, the court must verify that the current judgment includes an invalid prior prison term enhancement, recall the sentence, and resentence the defendant. (§ 1172.75, subd. (c); *People v. Monroe* (2022) 85 Cal.App.5th 393, 399.)

" 'By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly "invalid" enhancements' " imposed under former section 667.5, subdivision (b). (*People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276, review granted Mar. 12, 2024, S283547, quoting *People v. Monroe, supra*, 85 Cal.App.5th at p. 402.) At a section 1172.75 resentencing hearing, "the court shall recall the sentence and resentence the defendant" applying current sentencing rules and "any other changes

5

in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (c), (d)(2).) In exercising its discretion, the resentencing court "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

Sentencing and resentencing proceedings, including one generated by section 1172.75, are critical stages of criminal prosecution at which a defendant's right to be present is guaranteed by federal and state constitutions and statutes. (*People v. Velasco* (2023) 97 Cal.App.5th 663, 673-674; *People v. Santos* (2024) 100 Cal.App.5th 666, 677, review granted May 29, 2024, S284341; *People v. Cutting* (2019) 42 Cal.App.5th 344, 347-348.) A defendant or defense counsel may waive the defendant's constitutional and statutory right to be present, if certain conditions are met. (*People v. Santos*, at pp. 677-678, review granted; §§ 977, subd. (b), 1043, subd. (d), 1172.75, subd. (e); see also *People v. Nieves* (2021) 11 Cal.5th 404, 508; *People v. Davis* (2005) 36 Cal.4th 510, 531-532.)

The People acknowledge that defendant had a right to be present at the hearing, requested to be present, and there was no indication he waived that right. Defense counsel simply elected to proceed without defendant when he was not transported to the court due to CDCR staffing issues. The People argue, however, that the error was harmless. For an error affecting a defendant's constitutional right to be present, we conduct harmless error review under *Chapman v. California* (1967) 386 U.S. 18, 23. "Under that standard, the error 'may be deemed harmless only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding.' "

6

(*People v. Cutting*, *supra*, 42 Cal.App.5th at p. 348.)  The burden falls on the People, not the defendant, to show that the violation of the defendant's federal constitutional right was harmless beyond a reasonable doubt.  (*People v. Cutting*, at p. 349.)

The People point out that defense counsel highlighted the statute's relevant postconviction facts such as defendant's disciplinary records, rehabilitative efforts while incarcerated, age, and time served, arguing that defendant deserved to have his sentence reduced beyond striking the prison priors to also strike the prior serious felony enhancement.  However, the trial court focused on defendant's disciplinary record, including the 2018 battery, assault, and attempted murder violations involving a peace officer.  The People conclude that "[n]either the record nor appellant's opening brief shed light on how appellant's presence could have altered the court's clear discretionary choice."

The People cite *People v. Davis*, *supra*, 36 Cal.4th 510.  That case involved a hearing on the admissibility of transcripts of a jailhouse tape.  (*Id.* at pp. 529-530.) Defense counsel said at the pretrial hearing that the defendant had earlier requested to be present but decided to " 'waive his presence.' "  (*Id.* at p. 530.)  The California Supreme Court determined that defendant did not validly waive his right to be present.  (*Id.* at pp. 531-532)  The defendant argued his absence was not harmless error, because, inter alia, he would have assisted his counsel in deciphering the tape and filling in portions of the transcript marked " 'unintelligible.' "  (*Id.* at p. 533.)  But the court said there was no way on this record to tell if defendant could fill unintelligible portions of the transcript, that the People would agree to his interpretation, and, if so, whether the revised transcript would be less prejudicial.  (*Id.* at pp. 533.)  Significantly, the court noted that defendant and his counsel had ample opportunity to discuss the transcript before the hearing, in order for defendant to assist his counsel in deciphering the unintelligible portions of the tape.  (*Ibid.*)

Here, nothing in the record indicated that defense counsel conferred with defendant about the hearing and counsel did not state at the hearing that defendant had waived personal appearance. (See *People v. Basler* (2022) 80 Cal.App.5th 46, 59-60 [no harmless error where defense counsel did not indicate he had discussed the hearing with defendant and did not present a waiver from defendant].) Defense counsel's argument for resentencing beyond striking the prison priors was primarily based on defendant's age and years served. However, the trial judge focused on defendant's violent disciplinary rule violations. Defendant could have explained the circumstances of these serious charges and how he was a changed person since then, as reflected in his receiving no subsequent rule violations involving violence. Defendant also "may have expressed remorse; he may have made a plea for leniency." (*People v. Cutting*, *supra*, 42 Cal.App.5th at p. 350.) Defendant could have presented evidence on the risk factors identified in subdivision (d)(3) of section 1172.75. (*People v. Velasco*, *supra*, 97 Cal.App.5th at p. 674.) "While the trial court may or may not have chosen to believe what [defendant] might have said, if he said anything, we cannot conclude beyond a reasonable doubt that his presence at the hearing would not have affected the outcome." (*People v. Cutting*, at p. 350.)

Moreover, the People conceded in their opposition brief below that mitigating factors under section 1385, subdivision (c) applied. Under this statute, the trial court must dismiss an enhancement if it is in furtherance of justice to do so. (§ 1385, subd. (c)(1).) In making this "furtherance of justice" calculation, the court must afford great weight to evidence offered to prove certain mitigating circumstances and consider other circumstances. (§ 1385, subd. (c)(2), (4) ["circumstances listed in paragraph (2) are not exclusive"].) The "furtherance of justice" standard allows courts to consider the nature and circumstances of the crime and the defendant's background, character, and prospects. (*People v. Mazur* (2023) 97 Cal.App.5th 438, 446; see *Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 497 [in determining whether to dismiss a firearm enhancement, a

8

court considers the sentencing factors listed in the California Rules of Court, including any facts and circumstances relevant to the case].)  Defendant could have offered relevant testimony as to those factors had he been present at the hearing.

Thus, we reverse and remand for resentencing where defendant is present or enters a valid waiver.

## DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing.  The trial court is ordered to conduct a new resentencing hearing at which defendant is present unless there is a valid waiver.

/s/
MESIWALA, J.

We concur:

/s/
HULL, Acting P. J.

/s/
KRAUSE, J.

9